[No. 12709. Department Two. — June 13, 1890.]

GEORGE D. NAGLE, APPELLANT, v. PATRICK McMURRAY, RESPONDENT.

STREET-WORK — IMPLIED PROMISE OF PAYMENT. — After a property owner has protested against street-work, a promise to pay for it cannot be implied from the fact that he saw the work done without further objection, and made suggestions to the workmen as to the proper way of doing it.

ID. — PERMIT FROM STREET SUPERINTENDENT. — A permit from the superintendent of streets to private parties to do work on the street does not impose any liability on the property owner.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Robert Ash*, for Appellant.

*Langhorne & Miller*, for Respondent.

Hayne, C.—This was an action to recover $547.75 for work done upon a street, upon an alleged parol contract with the defendant. The answer denied the contract, and the court found this issue for the defendant, and rendered judgment in his favor. It is contended that this finding is not justified by the evidence. But there is the direct testimony of the defendant in its support, and this was to some extent corroborated by the witness McGreal; and, in addition, these two witnesses swore that defendant filed in the street superintendent's office a protest against the issuance to the plaintiff's assignor of a permit to do the work (which seems to be undisputed), and also informed the plaintiff's assignor that defendant would not be responsible for the work. The foregoing is sufficient to raise a substantial conflict in the evidence.

The appellant also relies upon a promise after the work was completed. But assuming that such a promise would not be without consideration, the finding is against its existence; and there is evidence in support of the finding. The fact that the defendant saw the work upon the street going on without further protest does not render him liable or raise an implied promise to pay. Nor can a promise be implied from the fact that on several occasions he made suggestions to the workmen. The street was a public street, and his explanation ("I noticed that his stakes were not right, and as I like to see things done right, I called their attention to their mistake") is not improbable.

The permit from the street superintendent to do the work is something that is required in cases of private work upon the streets, and imposed no liability upon the defendant.

In view of the foregoing, the other matters are immaterial.

We therefore advise that the judgment and order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Hearing in Bank denied.